THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Martha Dorsey Reames, Appellant.
 
 
 

Appeal From Sumter County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-040
 Submitted November 1, 2011  Filed January
25, 2012    

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey DuRant,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General David Spencer, all of Columbia; and
 Solicitor Ernest A. Finney, III, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Martha Dorsey Reames appeals her
 conviction for unlawfully carrying a handgun.  On appeal, she argues the trial
 court erred in denying her motion for a directed verdict.  We affirm.  
We hold the trial
 court properly denied Reames's motion for a directed verdict.  Section 16-23-20
 makes it "unlawful for anyone to carry about the person any handgun,
 whether concealed or not . . . ."  S.C. Code Ann. § 16-23-20 (Supp. 2010). 
 There are exceptions in the statute, one of which is "a person in a
 vehicle if the handgun is . . . secured in a closed glove compartment, closed
 console, closed trunk, or in a closed container secured by an integral fastener
 and transported in the luggage compartment of the vehicle . . . ."  S.C.
 Code Ann. § 16-23-20(9)(a) (Supp. 2010).  In the instant case, sufficient circumstantial
 evidence supports a finding that Reames knowingly carried a pistol in the side
 pocket of the driver-side door of the vehicle she was driving.  Because the
 pistol was not in a lawful location pursuant to section 16-23-20, the trial
 court properly denied Reames's motion for a directed verdict.   See State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) (holding when ruling on a motion
 for a directed verdict, the trial court is concerned with the existence or
 nonexistence of evidence, not its weight).
AFFIRMED.[1]
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.